IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
DEC 3 1 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LESLIE ELAINE PARKHILL KATZ, MARY VIRGINIA GRIFFIN, CLIFFORD SCOTT GRIFFIN, LYNN MARIE SMITH, INDIVIDUALLY AND AS BENEFICIARY TRUSTEE FOR THE BENEFIT OF K.M.S. AND J.W.S., and RICHARD ANDERSON, AS BENEFICIARY TRUSTEE FOR THE BENEFIT OF K.M.S. AND J.W.S.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. No A09CA 941 SS |

## COMPLAINT

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") complains of Defendants Leslie Elaine Parkhill Katz ("Katz"), Mary Virginia Griffin ("Mary Griffin"), Clifford Scott Griffin ("Clifford Griffin"), Lynn Marie Smith ("Smith"), Individually and as Beneficiary Trustee for the benefit of K.M.S. and J.W.S., and Richard Anderson ("Anderson"), as Beneficiary Trustee for the benefit of K.M.S. and J.W.S. and states:

### PARTIES

1.  **MassMutual.** MassMutual is an insurance company organized under the laws of the Commonwealth of Massachusetts, with its principal office and place of business in Springfield, Massachusetts.

2.  **Katz.** Katz is, upon information and belief, a citizen of Texas who resides at 7100 Rusty Fig, Austin, Texas 78750.

3. **Mary Griffin.** Mary Griffin is, upon information and belief, a citizen of Texas who resides at 5712 Lilac, Katy, Texas 77493.

4. **Clifford Griffin.** Clifford Griffin is, upon information and belief, a citizen of Texas who resides at 5712 Lilac, Katy, Texas 77493.

5. **Smith.** Smith is, upon information and belief, a citizen of Texas who resides at 4103 North Hills Drive, Austin, Texas 78731.

6. **Anderson.** Anderson is, upon information and belief, a citizen of Texas who works at 211 W. Austin St., Marshall, Texas 75670.

## JURISDICTION AND VENUE

7. **Jurisdiction.** The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201. This is an interpleader action to deposit life insurance proceeds into the Court's registry and obtain a declaration of the party or parties entitled to receive those proceeds. MassMutual is a citizen of Massachusetts; Katz, Mary Griffin, Clifford Griffin, Smith, and Anderson (collectively, "Defendants") are citizens of Texas; and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. **Venue.** Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, as Katz and Smith reside here.

## OPERATIVE FACTS

9. **The Policy.** In March 1988, James W. Smith (the "Insured") applied to MassMutual to convert his term life insurance policy no. 7 117 677 into a whole life policy. On the application, the Insured designated his estate as the beneficiary. John M. Ruckel ("Ruckel") was the soliciting agent who solicited the application, and on the Agent's Statement, Ruckel reported that the Insured was divorced. On March 15, 1988, MassMutual issued its whole life

policy no. 7 438 272 (the "Policy"), which had a face amount of $100,000, on the Insured's life.

10. **The Beneficiary Change.** On April 25, 2007, the Insured signed the Change of Beneficiary form, in which he designated Mary Griffin (his sister) and Clifford Griffin (his brother-in-law) as beneficiaries, with each of them to receive $25,000 of the proceeds, and Katz (his friend) as the beneficiary for the balance of the proceeds. On the Beneficiary Confirmation Page, which it subsequently sent to Ruckel, MassMutual stated:

> Upon the death of the insured, the proceeds shall be paid in one sum as follows:
>
> $25,000 to the insured's sister, Mary Virginia Griffin, while living, otherwise to the insured's brother-in-law, Clifford Scott Griffin, if living, otherwise to Leslie Elaine Parkhill Katz, if living, otherwise to the estate of the insured.
>
> $25,000 to the insured's brother-in-law, Cliffoed [sic] Scott Griffin, while living, otherwise to the insured's sister, Mary Virginia Griffin, if living, otherwise to Leslie Elaine Parkhill Katz, if living, otherwise to the estate of the insured.
>
> Any proceeds in excess of $50,000 shall be paid in one sum to Leslie Elaine Parkhill Katz, if living, otherwise to the estate of the insured.
>
> If the proceeds at the death of the insured shall be greater or less than $100,000, then the above designated portions of the proceeds shall be proportionately increased or decreased to correspond to the proceeds.

The "Form Instruction" section of the Beneficiary Confirmation Page provided:

> If the policy is subject to a Property Settlement Agreement and/or Divorce Decree, please provide us with a copy of these documents. Future ownership rights may not be exercised until we have had an opportunity to review the relevant portions of such documents or receive written confirmation that the documents do not address the policy.

11. **MassMutual Learns of the Divorce Decree.** In July 2009, Ruckel sent MassMutual a copy of the Agreed Final Decree of Divorce dated January 22, 1999 between the Insured and Smith (his ex-wife), which provided in pertinent part:

> IT IS ORDERED AND DECREED that JAMES W. SMITH shall as long as child support and alimony as set out below is payable under the terms of this decree maintain in full force and effect at his sole cost and expense the coverage

> presently in effect through Massachusetts Mutual Policy No. 7438272 insuring the life of JAMES W. SMITH in the total amount of $100,000.00 and naming LYNN MARIE SMITH as primary beneficiary to such portion of the proceeds as are sufficient to secure the payment of any unpaid alimony. IT IS FURTHER ORDERED AND DECREED that LYNN MARIE SMITH be named as beneficiary trustee for the benefit of the children for a portion of the remaining proceeds sufficient to pay the balance of child support payments that would have been paid until the children turn eighteen year of age and graduate from high school, minus the amount of death benefits that the Social Security Administration would pay in the event of the death of JAMES W. SMITH, and that RICHARD ANDERSON be named beneficiary trustee for the benefit of the children for their health, education and maintenance as to the remaining proceeds payable under that policy. IT IS ORDERED that within ninety (90) days of the entry of this order, JAMES W. SMITH shall create such trust for the education, support, and maintenance of his children with such trust to terminate at the youngest child's thirtieth (30th) birthday or at an earlier date at RICHARD ANDERSON's sole discretion.

(All caps in original.) Ruckel inquired whether MassMutual could change the beneficiary on the basis of the divorce decree or whether the Insured's signature was required. MassMutual told Ruckel that the change required the Insured's signature and thus prepared the Beneficiary Amendment of Contract form to effectuate this change.

12. **The Competing Claims.** On September 15, 2009, MassMutual received notice that the Insured had died the preceding day. At the time of the Insured's death, the Policy proceeds totaled $88,734.02 (once the paid up additions, dividends, premium refund, outstanding loan, and unpaid interest were taken into account). The next week, MassMutual informed Ruckel:

> The beneficiary arrangement under No. 7438272 appears to be subject to the insured's divorce decree. Our records show that in August, 2009 a beneficiary arrangement was prepared for signature of the insured. Please advise if the beneficiary form ($100,000 payable to the insured's ex-wife, Lynn Marie Smith, and the balance to the insured's estate) was executed. We will advise further on this policy once we hear from you on the status of this beneficiary change form.

On November 4, 2009, MassMutual received the Life Insurance Claim Forms for Mary Griffin, Clifford Griffin, and Katz, who sought their respective shares of the Policy proceeds, and a letter

from Smith's counsel, who claimed all of the Policy proceeds on Smith's behalf. Ruckel's office subsequently told MassMutual that the Insured had been too ill to meet with Ruckel and thus never signed the beneficiary change form. By letter dated November 18, 2009, MassMutual informed Defendants:

> Our records indicate that the beneficiaries for Policy No. 7438272 are Mary Virginia Griffin, Clifford Scott Griffin and Leslie Elaine Parkhill Katz, per the beneficiary arrangement dated April 25, 2007 (see attachment). We are in receipt of claim forms completed by Mary Virginia Griffin, Clifford Scott Griffin, and Leslie Elaine Parkhill Katz.
>
> This is to advise you that our company has been contacted by Jessica Warren, Esq. disputing the beneficiary arrangement, stating that it is invalid due to the divorce decree between the insured and her client, Lynn Marie Smith.
>
> Our records reflect that our agent was notified of the terms of the divorce decree, and requested a change in the beneficiary arrangement in favor of the insured's former wife. The beneficiary arrangement was prepared and sent to our agent for delivery to the insured for execution (copy enclosed). However, we have been advised by our agent's assistant that the insured was too ill to meet with the agent, so the form was not executed.
>
> MassMutual acknowledges its willingness to meet its responsibilities under this policy to the appropriate beneficiary. However, since there are different parties making claim to the proceeds, we request that all parties involved reach an agreement as to how the policy proceeds should be distributed and provide MassMutual with written direction. If an agreement between the parties is not reached, MassMutual will then consider its options, including whether to file an interpleader action. We request that all parties provide a decision in writing **within 20 days** from receipt of this letter.

(Bold and emphasis in original.) Defendants were unable, however, to reach an agreement on how to divide the Policy proceeds. Under the circumstances, MassMutual cannot pay all or part of the Policy proceeds to any of the Defendants without incurring possible multiple liability. MassMutual is a disinterested stakeholder which claims no interest in the Policy proceeds, except for its attorney's fees and court costs.

## CAUSES OF ACTION

13. **Interpleader.** MassMutual requests the Court to accept the Policy proceeds into its registry and require Defendants, or third parties presently unknown, to interplead their claims to such proceeds. Contemporaneously with the filing of this Complaint, MassMutual has sought leave to deposit the Policy proceeds, together with interest thereon at the rate of 3% from September 14, 2009 (i.e., the date of the Insured's death), into the Court's registry. MassMutual also requests the Court to discharge MassMutual from all liability to Defendants or any other person with respect to the Policy and the proceeds thereunder.

14. **Declaratory Judgment.** MassMutual further requests the Court to adjudicate whether Katz, Mary Griffin, Clifford Griffin, Smith, Anderson, or third parties presently unknown are entitled to payment of all or part of the Policy proceeds and to thereafter award the Policy proceeds to the party or parties legally entitled to receive them. MassMutual also requests the Court to discharge MassMutual from all liability to Defendants or any other person with respect to the Policy and the proceeds thereunder.

15. **Attorney's Fees.** MassMutual has retained the services of the undersigned attorneys to prosecute this action. Accordingly, MassMutual seeks recovery of all of its reasonable attorney's fees and court costs incurred in this action from the interpled funds.

## REQUEST FOR RELIEF

16. **Prayer.** MassMutual respectfully requests the following relief:

   (a) That Defendants be served with Summons and this Complaint and required to answer in the time and manner prescribed by law;

   (b) That the Court accept the Policy proceeds into its registry and thereafter deposit such proceeds into an interest-bearing account, pending further

order of the Court;

(c)  That the Court enter an order discharging MassMutual from all liability to Defendants or anyone else with respect to the Policy and the proceeds thereunder and dismissing MassMutual with prejudice;

(d)  That the Court award MassMutual its reasonable attorney's fees and court costs, to be paid from the interpled funds;

(e)  That the Court require Defendants and all other interested parties to interplead their claims to the Policy proceeds and, on final trial, award the Policy proceeds to the party or parties rightfully and legally entitled to receive them; and

(f)  That MassMutual have all such other and further relief, both general and special, at law and at equity, to which it may show itself justly entitled.

Respectfully submitted,

By: _____
Andrew C. Whitaker
State Bar No. 21273600

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR PLAINTIFF
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY